IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JOSE ALFREDO VARELA-MERAZ,**      CASE NO. 4:22 CV 2295

    Petitioner,      JUDGE JAMES R. KNEPP II

    v.

**UNITED STATES OF AMERICA,**

    Respondent.      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION AND BACKGROUND

*Pro se* Petitioner Jose Alfredo Varela-Meraz, an inmate in the Elkton Federal Correctional Institution ("FCI-Elkton"), filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He was convicted in the United States District Court for the District of Minnesota in 2013 after pleading guilty to conspiracy to distribute methamphetamine (Count 1), and possessing, using, or carrying a firearm in furtherance of a drug trafficking crime (Count 3). *Id.* at 1. Counts 2, 4, and 5 of the indictment were dismissed. *Id.* He was sentenced on May 21, 2014, to 188 months on Count 1 and 60 months on Count 3 to run consecutively, followed by five years of supervised release. *Id.*

In the present Petition, he challenges his conviction on Count 1 for conspiracy. He asserts he was the only individual indicted and a conspiracy, by definition, involves more than one person; he also argues there was insufficient evidence of a conspiracy. *See id.* at 2-11. Petitioner asks this Court to nullify his waiver of his right to appeal and vacate his conviction on the

conspiracy charge. *Id.* at 11. In a subsequent filing, he requests this Court reduce his sentence to time served. (Doc. 3, at 5).

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner appears *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

A federal prisoner must challenge the legality of his conviction or sentence by filing a Motion to Vacate under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may use a habeas corpus petition under 28 U.S.C. § 2241 only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to

challenge the legality of his conviction through a § 2241 Petition where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which the petitioner was convicted, and by this interpretation excludes the petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the petitioner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under § 2255, or where he asserted his claim in an earlier motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Here, Petitioner is clearly challenging his conviction. He claims the facts of his case do not meet the statutory elements of the crime of conspiracy because he was the only person indicted on that charge. He claims he cannot be a one-person conspiracy. Moreover, he asks this Court to vacate his conviction entered in another District Court. Petitioner cannot obtain that relief in a § 2241 petition. That claim can only be raised on direct appeal or in a Motion to Vacate under 28 U.S.C. § 2255 filed with the sentencing court.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is dismissed pursuant to 28 U.S.C. § 2243; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                            s/ *James R. Knepp II*
                                            UNITED STATES DISTRICT JUDGE